DeLong v. Giles.

## WILLIAM C. DELONG

### v.

## CHARLES S. GILES.

EVIDENCE—CREDIBILITY OF WITNESS—PRIVATE DETECTIVE.—The fact that a witness is a private detective, employed by one of the parties to procure evidence in a cause, may or may not affect the credibility of such witness, and it is error to instruct the jury that "courts look upon the evidence of such persons with suspicion," and that "their testimony should be received by the jury with great caution." It is for the jury to determine whether such testimony should be looked upon with suspicion, and in testing the credibility of the witness, they may examine all the facts appearing in evidence which may throw light upon the question, which may include the pursuit he follows as a business.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed May 31, 1882.

Messrs. D. & T. J. SHEEAN, Mr. E. L. BEDFORD and Mr. HENRY BOOTH, for appellant; that the court erred in its instruction as to the credibility of the witness on account of his

business, that being a question for the jury alone, cited The President, etc., v. O'Malley, 18 Ill. 407; Otmer v. The People, 76 Ill. 149; Roach v. The People, 77 Ill. 25; Martin v. The People, 54 Ill. 225; Chittenden v. Evans, 41 Ill. 251; Shaw v. The People, 81 Ill. 150.

It is error to call special attention of the jury by instruction to one point or branch of the testimony: Mix v. Osby, 62 Ill. 193; Homes v. Hale, 71 Ill. 552; Hewitt v. Johnson, 72 Ill. 513; Ogden v. Kirby, 79 Ill. 555; Calef v. Thomas, 81 Ill. 478.

If the money was paid to compound a felony, it can not be recovered: Lubbock v. Potts, 7 East, 449; Howson v. Hancock, 8 Tenn. 575; Dixon v. Olmstead, 9 Vt. 310; Foote v. Emerson, 10 Vt. 338; Popper v. Haight, 20 Barb. 429; Thalimer v. Brinkerhoff, 20 Johns. 386; Perkins v. Savage, 15 Wend. 412; Nellis v. Clark, 20 Wend. 24; Peck v. Burr, 10 N. Y. 294; Martin v. Wade, 37 Cal. 168; Wight v. Rindskopf, 43 Wis. 344; York v. Merritt, 77 N. C. 213; Eddy v. Herrin, 17 Me. 338; Miller v. Marckle, 21 Ill. 151; Winston v. McFarland, 22 Ill. 38; Liness v. Hesing, 44 Ill. 113; Arter v. Byington, 44 Ill. 468; Ford v. Cratty, 52 Ill. 313; Neustadt v. Hall, 58 Ill. 172; Baehr v. Wolf, 59 Ill. 470; Jerome v. Bigelow, 66 Ill. 452; Wolf v. Fletmeyer, 83 Ill. 418; Heaps v. Dunham, 95 Ill. 583; Compton v. Bunker Hill Bank, 96 Ill. 301.

Mr. Louis Shissler and Messrs. Luke & Jones, for appellee; in support of the instruction as to credibility of the witness, cited Needham v. The People, 98 Ill. 278; Blake v. Blake, 70 Ill. 622.

Money paid under compulsion may be recovered: Forbay v. Ferguson, 5 Hill, 158; 1 Parsons on Contracts, 395; Schommer v. Farwell, 56 Ill. 545; Shenk v. Phelps, 6 Bradwell, 612.

PLEASANTS, P. J. Appellee recovered the judgment below, upon a verdict which the court refused to set aside, and the defendant appealed.

The action was assumpsit; the issue was whether the money

DeLong v. Giles.

sought to be recovered had been extorted from the plaintiff, by threats of bodily harm and of prosecution upon a false charge of larceny, or was voluntarily paid by him, upon detection, as hush money to compound the felony; and the testimony was conflicting. A most important witness on the part of the defendant, if credited, was one Jesse H. Bull, a detective from Chicago, whom he had employed in the matter of the alleged larceny, and who was one of the four persons present, including the parties, when it was arranged or settled. The court instructed the jury " that a private detective, from the nature of his business and his frequent and constant association with members of the criminal classes, and who is employed in getting up evidence or in laying plots to entrap men, is a most dangerous agent, and the courts look upon their evidence with suspicion, and upon disputed questions of fact arising in the trial of cases in which they have taken a prominent part, their testimony should be received by the jury with great caution."

We do not regard this as a statement that the witness, Bull, was in fact so associated or employed. That is not the natural import of the language. Such a statement, if it were supported by evidence, would have been beyond the province of the court and in plain violation of the statute. It was intended as a proposition of law, to wit: that from the nature and incidents of their employment, private detectives, as a class, are more depraved or biased or both, and, therefore, when they appear as witnesses are to be more suspected than others, and as applied to this case, that the testimony of the witness Bull, who was confessedly a private detective, was for that reason to be looked upon with suspicion and received with great caution. In support of it we are referred to Blake v. Blake, 70 Ill. 618 (622), and Needham v. The People, 98 Id. 275 (278.) The former was a bill for divorce by husband against wife upon the charge of adultery. On the trial he introduced, among other witnesses, a detective whom he had employed to follow and watch the defendant.

The jury found the issue for her, and a decree having been entered accordingly, he sought to reverse it, on appeal, upon

the ground that the verdict was against the evidence. In dealing with this point Mr. Justice Craig, delivering the opinion of the majority, comments on the testimony of this witness; in the course of which he adverts to a number of facts disclosed by the evidence touching his personal relations to the complainant and to the case which would tend to bias his mind, and aids the natural and proper effect of these facts in lessening the weight of his testimony by presenting the further fact that he was a detective, and quoting an observation of Sir C. Cresswell—against the employment of them for the purpose of getting up evidence, as a rule—that " they are dangerous agents and the court looks upon their evidence with much suspicion. When a man sets up as a hired discoverer of supposed delinquencies, when the amount of his pay depends upon the extent of his employment, and the extent of his employment depends upon the discoveries he is able to make, then the man becomes a most dangerous instrument." But he says that " his credibility was a question solely for the jury." From all of which it is manifest that the court was not announcing a rule of law touching the credibility of detectives, as a class, but suggesting facts which were proved and proper to be considered by the jury in freely determining for themselves, as they did, the credibility of a detective witness in that case.

In Needham v. The People, the plaintiff in error had been indicted for robbery with two others who plead guilty. The victim, though able to identify them, was not positive as to him. But detectives testified to his admission that he participated in the crime and its fruits; and also that it was voluntarily made, which he denied. The court below, at his instance, gave this instruction: " The evidence of professional detectives and policemen, upon disputed questions of fact arising in criminal cases, should always be received with a large degree of caution. From the nature of their business and their frequent and constant association with members of the criminal classes, their minds are oftentimes unduly biased against those accused of crime and in whose arrest they have been instrumental, and their testimony thereby colored against them."

DeLong v. Giles.

Having been convicted and sentenced, he sought on error to reverse the judgment upon the ground that the verdict was not authorized by the evidence—the idea being that the testimony of persons of this class was legally insufficient to warrant a conviction against that of a defendant not so tainted. But the Supreme Court say that " the jury were not obliged to discredit the detectives and believe Needham;" that " the witnesses were all before them and it was their province to determine the question of fact;" and quote the instruction, not to approve or disapprove it—for since it was given at the instance of the plaintiff in error it could not have been in question—but solely to show the improbability that after being so cautioned they gave too ready a credence to the testimony therein referred to.

Neither of these cases, then, supports the instruction under consideration, nor are we advised of any other that does.

We hold that it is never for the court but always for the jury, in the first instance, to determine whether the testimony delivered by any competent witness should or should not be " looked upon with suspicion " or " received with great caution." For that purpose they may take into consideration all the facts appearing from the evidence that in their judgment throw light upon the question, which may include the pursuit he follows as a business.

But these or any of them, while tending to discredit him may not operate to that extent; and the right with the responsibility of determining, upon such consideration alone, whether it does or does not, must rest wholly with the jury. In the nature of things no material aid to a just determination can be derived from any general rule on that subject. It may depend upon circumstances too numerous and complicated to be prescribed. Nor will any two cases be exactly alike. They must vary with the variations of character, temperament, condition and relations of the witnesses, and of these as affected by the differing and peculiar features of the cases. The conditions which primarily determine or measure the credibility of a witness are personal and individual. They do not pertain to men as classified by creed or calling. Every legit-

imate business may be pursued with absolute integrity, but the good and the bad are found alike in all. Hence, the personal qualities of one or many in any such calling are no guide to those of another following the same. If every other detective in the business had been known or proved to be unworthy of belief, that fact, remarkable as it would be, would yet be no evidence that it was true also of Jesse H. Bull. We are not called on to defend his business. It is enough to say it is not unlawful or immoral in itself. If it is such that its pursuit subjects those engaged in it to unusual temptations or demoralizing influences, that fact may be submitted with others to the jury, to be considered by them in determining whether or how far he should be believed, but would not necessarily brand his testimony with suspicion. The law does not grade men, as to worthiness, in classes. No proposition of the kind can be more invariably certain than that men are prone to be biased by self-interest, and yet we apprehend it is not true as matter of law that the testimony of parties, even of defendants in criminal cases, in their own behalf, is to be looked upon by the jury with suspicion. The instruction in this case may have materially affected the finding, and should not have been given.

We perceive no other substantial error in this record, but for this the judgment must be reversed and the cause remanded. Counsel complain of the instructions for plaintiff numbered 5, 6 and 7 respectively, as presenting a portion only of the evidence bearing upon the fact in issue, and of the refusal on that ground to give those asked by the defendant, and numbered 15, 16 and 17, as inconsistent.

We think this complaint is founded upon misapprehension. The former tell the jury that if they believe from the evidence certain facts therein stated, the legal effect of those facts is to make out the cause of action alleged, but leave the jury to find as to those facts from the evidence, without indicating any portion of it—which is proper; while those refused state that they may consider certain facts therein recited, if proved, "with all other facts" in the case (not recited) in determining the existence or non-existence of an ulte-

rior fact in issue, or that those recited raise a strong presumption of its existence—treating them as evidence, and presenting only a portion of it—which is condemned by the familiar rule referred to.

Reversed and remanded.