## Austin Ellsworth et al. v. Mary A. Cummins.

1. Dram-shop Act—*right of mother to recover for loss of son's support.* Notwithstanding the son's father is living, the mother of a minor son may recover for loss of support resulting from the habitual intoxication of such son caused by the defendants.

2. Exemplary damages—*when may be recovered in action for loss of son's support.* If circumstances justify, a mother may recover for the loss of her minor son's support resulting from the habitual intoxication of such son caused by the defendants.

3. Argument of counsel—*when impropriety of, will not reverse.* Improper language used in an argument to the jury will not reverse where such language was provoked by the remarks of the complaining counsel.

Action for damages for loss of support. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. Kimbrough, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

O. M. Jones and Buckingham & Troup, for appellants.

MABIN & MORRIS, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Mary A. Cummins brought suit in the Circuit Court of Vermilion county against Austin Ellsworth, Charles Gerulis, George W. James and William Arkley, and eight others, to recover for damages alleged to have resulted to her in her means of support by reason of the sale of intoxicating liquors by such persons, to her minor son, David G. Cummins. There was a verdict against the four persons above named, in the sum of $975, upon which the court rendered judgment in favor of said Mary A. Cummins. Said Ellsworth, Gerulis, James and Arkley have appealed.

The declaration consisted of one count, and in substance charged that said appellee was the mother of one David G. Cummins, who was of the age of nineteen years and who was employed as a coal miner, and was earning $75 per month prior to the time of the injuries complained of; that said appellants, in January, February and March, 1906, who were then engaged in selling intoxicating liquors, sold and gave to said minor intoxicating liquors and caused him to become habitually drunk, whereby he wasted his earnings and became reduced in body and in estate, and she, appellee, lost his support and was thereby injured, etc. Appellants filed a plea of not guilty.

The evidence disclosed that the husband of appellee was in the penitentiary and had been there for about two years prior to the time the suit was tried; that appellee was living separate and apart from her husband and was supported by means of her own labor and by means which her minor son, David, contributed to her aid, varying from $40 to $60 per month; that by reason of the habitual drunkenness of said minor son, said appellee lost the means of support which she had previously received from him.

Appellants first contend that the father of David,

being alive, alone had the right of action, if any existed, against appellants, and argue that because the father only, could recover for the wages of the minor, by analogy, the mother had no right to maintain suit. This argument is of no force in this class of cases, which is governed by statute, which, so far as applicable, is as follows: "Every  *  *  *  parent  *  *  * who shall be injured in  *  *  *  means of support *  *  *  in consequence of the intoxication  *  *  * of any person  *  *  * ˙ shall have a right of action in his or her name  *  *  *  against any person or persons who shall by selling  *  *  *  intoxicating liquors have caused the intoxication, in whole or in part, of such person."

In the case at bar, the mother was living separate and apart from her husband and derived her means of support from her own labors and those of such minor son. In such a case there is no reason why she, as a parent, cannot maintain an action against a dram-shop keeper for injury to her means of support caused by sales of intoxicating liquor to her minor son. Lossman v. Knights, 77 Ill. App. 670.

Appellants next contend that the amount of the verdict was too large and that the jury, by the instructions of the court, were permitted to give appellee punitive damages, which they insist could not be properly allowed. It has been held that where a dram-shop keeper continues to sell intoxicating liquor to an adult in the habit of drinking to excess, and in disregard of his wife's warning to desist, exemplary damages may be awarded her. McMahon et al. v. Sankey, 133 Ill. 636.

In the case of Earp v. Lilly, 120 Ill. App. 123-128, this court held that where a husband was in the habit of getting intoxicated and such fact was known to the dram-shop keeper, a sale by him to such husband was unlawful and it became a question of fact for the jury to say whether or not the selling was wilful and wanton.

In this case there is no claim made that David G. Cummins, the minor, ever represented himself to any of appellants as being an adult. That he was a minor was admitted and appellants dealt with him as such. A sale by a dram-shop keeper of intoxicating liquor to a minor, the seller knowing the fact of minority, is as much a wilful violation of the law upon that subject as a sale to an adult husband after request to desist therefrom by the wife. We are not disposed to disturb the verdict of the jury upon that ground, and hold that there was no error upon the part of the court in giving an instruction which permitted the jury to allow exemplary damages.

Appellants next argue at considerable length that there was gross error in the conduct of counsel for appellee before the jury. The record of the conduct complained of is too long to be here reviewed, but we would be disposed to reverse this case solely upon the ground that counsel for appellee, in his closing address to the jury clearly transgressed the rules of practice and by his unfairness toward appellants put in hazard the very interests he was called upon to protect, were it not for the fact that counsel for appellants had in a great measure provoked such conduct by saying to the jury that: "She (appellee) has come here with her case reeking with the odor of the penitentiary and the jail." This language was also unwarranted and tended to provoke the conduct of appellee's counsel, which, otherwise, would have been reversible error.

The verdict was right upon the merits and the judgment is affirmed.

*Affirmed.*