GEORGE REISCH *et al.*

*v.*

THE PEOPLE, for use of Matilda Stringer.

*Opinion filed October 23, 1907.*

1. APPEALS AND ERRORS—*errors not urged in Appellate Court cannot be raised in Supreme Court.* In cases coming to the Supreme Court through the Appellate Court, alleged errors not urged in the latter court cannot be raised for the first time in the Supreme Court.

2. SAME—*when point that counsel made improper remarks is not saved for review.* The point that counsel for appellee made improper remarks in the presence of the jury is not preserved for review on appeal, where it is not embraced in the grounds set out in the motion for new trial and in the assignments of error.

3. INSTRUCTIONS—*instruction repeating statute on which suit is based is not improper.* An instruction repeating *verbatim* the language of the statute upon which a civil suit is based is not in violation of the rule prohibiting the reading of authorities to the jury, since all proper instructions state the law, and it is not error to lay down the law in the words of the law itself.

4. SAME—*when instruction is not improperly modified.* In an action on a dram-shop keeper's bond for damages for the death of plaintiff's husband from wounds inflicted by an intoxicated person, an instruction authorizing a verdict for the defendants even though the jury believe such person was intoxicated, if they further believe

that plaintiff's husband assaulted him and that the wounds were inflicted in repelling the assault, is not improperly modified by inserting the words "first wrongfully" before "assaulted."

5. SAME—*the instructions complained of should be identified by number or letter.* One who complains of instructions on appeal should identify the instructions in the abstract or the record by number or letter, so that the court of review may readily understand to what particular instruction an objection pertains.

6. EVIDENCE—*when allusion to former criminal prosecution is not erroneous.* In a civil action on a dram-shop keeper's bond for damages for the death of plaintiff's husband from wounds inflicted by an intoxicated person, the fact that a criminal prosecution of such person for the killing is alluded to in seeking to lay a foundation for impeaching a witness upon the ground that he testified differently in the criminal trial is not error, where the outcome of such trial is not mentioned nor disclosed to the jury.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Shelby county; the Hon. WILLIAM M. FARMER, Judge, presiding.

ALFRED ADAMS, RUFUS M. POTTS, and SHUTT, GRAHAM & GRAHAM, for appellants.

LESLIE J. TAYLOR, and ARTHUR YOCKEY, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an action of debt on a retail liquor dealer's bond, for the use of Matilda Stringer, widow of Thomas Stringer, deceased. Appellants, George Reisch and Philip Standley, were sureties on the bond of Joseph and Louis Jurica, who were the keepers of a dram-shop in Moweaqua. A judgment for $1500 in the circuit court of Shelby county has been affirmed by the Appellate Court for the Third District, and the sureties on the bond prosecute a further appeal to this court.

The appellee's contention is, that her husband, Thomas Stringer, was unlawfully killed by Sanford Wolfe in con-

sequence of Wolfe's intoxication caused by liquors obtained at Jurica's dram-shop on the 6th of August, 1904. Whether Wolfe was intoxicated, and if so, the extent of his intoxication, and whether the assault upon Stringer was in consequence of such intoxication or from some other cause, are questions of fact, upon which the evidence is conflicting. The verdict of the jury, and its approval by the Appellate Court, settle all controverted questions of fact.

We have examined the evidence sufficiently to satisfy us that the court did not err in refusing to direct a verdict for appellants.

Appellee, by leave of this court, has filed a certified copy of appellants' briefs in the Appellate Court for the purpose of showing that some of the errors relied on in this court were not urged in the Appellate Court. In cases coming to this court from the Appellate Court, alleged errors which are raised for the first time here will not be considered. *Strodtmann* v. *County of Menard,* 158 Ill. 155; *Central Union Building Co.* v. *Kolander,* 212 id. 27.

Appellants insist that the court erred in giving the following instruction:

"The court instructs the jury in this case that the section of the statutes of the State of Illinois upon which this suit is founded is as follows, to-wit: 'No person shall be licensed to keep a dram-shop or to sell intoxicating liquors, by any county board or by the authorities of any city, town or village, unless he shall first give bond in the penal sum of three thousand ($3000) dollars, payable to the people of the State of Illinois, with at least two good and sufficient sureties, freeholders of the county in which the license is to be granted, to be approved by the officer who may be authorized to issue the license, conditioned that he will pay to all persons all damages that they may sustain, either in person or property or means of support, by reason of the person so obtaining a license, selling or giving away intoxicating liquors. The officer taking such bond may examine

any person offered as security upon any such bond, under oath, and require him to subscribe and swear to his statement in regard to his pecuniary ability to become such security. Any bond taken pursuant to this section may be sued upon for the use of any person or his legal representatives who may be injured by reason of the selling or giving away any intoxicating liquor by the person so licensed or by his agent or servant.' "

This instruction is in the language of section 5 of the Dram-shop act. Appellants urge 'that the giving of this instruction in the language of the statute violates the rule which prohibits the reading of the law to the jury in civil cases. All proper instructions state the law, and if appellants' objection should be sustained it would put an end to the court instructing the jury as to the law in the trial of civil cases. The rule which prohibits the reading of authorities to jurors in civil cases is not intended to prevent the court from giving the jury the law of the case in instructions. In fact, under our practice this is the only proper method of advising the jury what the law of a case is. The instruction under consideration is in the words of the statute upon which the appellee's case is based, and we are not aware that it has ever been held that it is error to lay down the law in the words of the law itself, but the reverse of this proposition has often been declared. (*Town of Fox* v. *Town of Kendall,* 97 Ill. 72; *Petefish* v. *Becker,* 176 id. 448; *Mt. Olive Coal Co.* v. *Rademacher,* 190 id. 538; *Ward* v. *Meredith,* 220 id. 66.) The instruction condemned by this court in *Baker & Reddick* v. *Summers,* 201 Ill. 52, was unlike the instruction here. There the instruction, after reciting the statute, told the jury that the defendants would be liable "for all the damages sustained, and in this case not exceeding the sum of $5000," and the instruction was held vicious because of the addition of the words quoted above and not because it quoted the statute. There is nothing in that case that has application to the instruction before

229 — 37

us in this case. There was no error in giving the instruc-. tion complained of.

It is next insisted that the court erred in modifying certain instructions offered by appellants. One of these as offered is as follows:

"The court instructs you, that even if you should believe, from the evidence, that the said Sanford Wolfe was intoxicated at the time the said wounds were inflicted on Thomas Stringer, yet if you further so believe that said Stringer assaulted said Wolfe, and that wounds in question were inflicted in meeting or repelling said assault, then in such case it would be your duty to find the defendants not guilty."

The court modified this instruction by inserting the words "first wrongfully" before the word "assaulted," and gave the instruction as modified. While the instruction might properly have been given as asked, its sense and legal import were not changed by the addition made by the court.

There are a large number of instructions printed in the abstract, none of which are numbered either in the abstract or in the record, nor are they otherwise designated, so that the court can readily determine the particular instructions that appellants complain of. We have, however, by counting the instructions and reading them in connection with appellants' brief, identified, as well as we could, the particular instructions which appellants regard as erroneous and have examined the same, and our conclusion is that there is no error in the giving, modifying or refusing of instructions which requires a reversal of this judgment. If any instruction has escaped our attention it is because of the negligence of appellants in failing to designate the instructions by proper numbers or letters, so as to enable the court to find the instruction which the appellants complain of.

Appellants next insist that this judgment should be reversed because appellee's counsel asked the witness Wolfe

certain questions relating to a criminal prosecution against
Wolfe for the killing of Stringer. The court excluded all
evidence of the fact that Wolfe had been convicted of the
homicide, and the questions asked were apparently for the
purpose of laying the foundation to impeach Wolfe, by
showing that he had made contradictory statements on the
trial of the criminal case from those made on this trial.
By thus directing Wolfe's attention to his former testimony
appellee was able to get satisfactory answers, thus obviating
the necessity of calling impeaching witnesses. There was
nothing in any of the questions asked that disclosed any-
thing respecting the criminal trial except the fact that such
trial had occurred. Whether Wolfe was convicted or ac-
quitted does not appear from any of the questions asked
him. The fact that the former trial had occurred involving
the death of Stringer was first brought to the attention of
the jury by appellants' counsel in the cross-examination of
appellee's witness Hiatt, as the following questions and an-
swers taken from the record will show:

Q. "You were a witness on the trial involving the death
of Mr. Stringer at Moweaqua?

A. "Yes, sir.

Q. "On that occasion did not you testify, in substance,
as follows: 'I was riding with Stringer and met Wolfe as
he was returning home from Moweaqua?' (Objected to
by plaintiff for the reason that matters referring to the other
case had been ruled out, the court remarking: "I suppose
the purpose is to show different statements at another time
than made here.")

A. "Yes; I think I did.

Q. "Didn't you also on that occasion testify, in sub-
stance, as follows: 'Wolfe's wife and four children were
with him in the buggy at the time we met them?' "

The foregoing questions and answers advised the jury
that another trial had occurred growing out of the death
of Stringer. If there was error in the admission of the

questions propounded to the witness Wolfe because they called the jury's attention to the fact that another trial had occurred, a similar error was committed at the instance of appellants in the cross-examination of the witness Hiatt, and appellants cannot avail themselves of an error in this regard when they had induced the court to make a similar ruling before the ruling against them was made. We are, however, of the opinion that the ruling of the court in both instances was proper. Neither party to this suit could be deprived of the right to show, if such was the fact, that a witness had on a former trial given testimony contradictory to his statements in this case, for the reason that questions and answers thereto, intended as the foundation for impeaching testimony, unavoidably disclosed the occurrence of another trial growing out of this transaction.

We find nothing to support appellants' contention that appellee's counsel made improper remarks in the presence of the jury. But even if such remarks were made, there is no assignment of error, either in the Appellate Court or in this court, raising such question, nor is it included in the grounds set out in the motion for a new trial. If appellants desired to save this point they should have specified it among the causes alleged for the granting of a new trial and assigned it as error in the Appellate Court and in this court. None of these things have appellants done. The point is therefore not saved.

The judgment of the Appellate Court for the Third District is affirmed.                              *Judgment affirmed.*

Mr. JUSTICE FARMER took no part in the consideration or decision of this case.