## The People of the State of Illinois, Defendant in Error, v. James Whalen, Plaintiff in Error.

1. APPEALS AND ERRORS—*what must be preserved by bill of exceptions.* A motion to quash an information, the overruling thereof and the exception thereto, must be preserved by bill of exceptions in order that the question raised by such motion may be subject to review.

2. EVIDENCE—*when general objection insufficient.* If proof of a plea of guilty is made by evidence other than the record thereof, a specific objection is essential to save the question of the competency of the evidence offered.

3. DRAMSHOP ACT—*what competent in prosecution for unlawfully selling intoxicating liquor.* In a prosecution for the unlawful selling of intoxicating liquor within the limits of a city it is competent to show that the defendant had been charged by information with the keeping of a place where intoxicating liquor was unlawfully sold and that to such information he had pleaded guilty.

4. INSTRUCTIONS—*when in language of statute proper.* In a prosecution for the unlawful selling of intoxicating liquor within the limits of a city, an instruction in the precise language of the statute is proper which tells the jury "that the words 'intoxicating liquor' shall include all distilled, spirituous, vinous, fermented and malt liquor."

5. INSTRUCTIONS—*as to credibility of detectives.* The weight to be given to the testimony of detectives is purely a question for the jury and the test to be applied in determining the credit to be given to the testimony of such witnesses is the same as that applicable to the testimony of other witnesses in a case, namely, motive, relationship, interest, employment, apparent fairness or unfairness, partiality or impartiality, manner of testifying, apparent intelligence or lack of intelligence, the reasonableness or unreasonableness of the testimony, together with all the surrounding circumstances appearing in evidence.

6. INSTRUCTIONS—*must not single out particular witnesses.* An instruction which singles out the testimony of two particular witnesses is erroneous.

7. INSTRUCTIONS—*when erroneous will not reverse in criminal case.* Notwithstanding instructions given in a criminal case are subject to just criticism, yet their giving will not reverse where the verdict of guilty which was rendered is clearly established by the evidence.

Proceeding by information. Error to the County Court of Macon county; the Hon. O. W. SMITH, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 25, 1909.

WHITLEY & FITZGERALD, for plaintiff in error.

W. E. REDMON, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

The information in this case contains nine counts of which the counts one to eight inclusive charge that plaintiff in error and one Thomas Whalen did on the several days therein named unlawfully sell intoxicating liquor within the limits of the town of Decatur, the said town of Decatur being then and there anti-saloon territory, and the ninth count charges that said persons on February 22, 1909, did unlawfully keep within the limits of the said town of Decatur a place where intoxicating liquors were sold, said place being known and described as No. 541 Front street in the city of Decatur. Upon a trial by jury plaintiff in error was found guilty under the ninth count of said information and was adjudged to pay a fine of $100 and imprisoned in the county jail for 20 days, and as a part of the judgment of the court it was ordered that the place designated in said ninth count of the information be shut up and abated until plaintiff in error give bond in the penal sum of $1000 conditioned as provided by statute. The motion of plaintiff in error to quash the ninth count of the information, the overruling of such motion and the exception thereto, if any such action was had, does not appear in the bill of exceptions and is, therefore, not properly subject to review.

Over the objection of plaintiff in error that the same was incompetent and immaterial the prosecution was permitted to introduce in evidence an information filed in the county court of Macon county on October 27, 1908, charging plaintiff in error and one R. M. Wiggins

with unlawfully selling intoxicating liquor in the town of Decatur, the same being anti-saloon territory, on October 26, 1908, together with the parol evidence of the fact that plaintiff in error had entered his plea of guilty to such information. Such evidence was admitted to be considered by the jury not as proof of the unlawful sale of intoxicating liquor as charged in the first eight counts of the information but solely for the purpose of showing that plaintiff in error did unlawfully keep a place within the limits of the town of Decatur where intoxicating liquors were sold as charged in the ninth count of the information. It is now urged that the introduction in evidence of such information was calculated to arouse the prejudice of the jury against plaintiff in error as it tended to prove the commission by plaintff in error of a separate and distinct offense than the one for which he was on trial under the second information, and further that if proof of such information and the fact that plaintiff in error entered his plea of guilty thereto was competent for any purpose, such plea of guilty could only properly be shown by the record and not by parol testimony. If plaintiff in error had made the specific objection that his plea of guilty to such information could only properly be shown by the record, such objection might have been avoided upon the trial, but the general objection then made did not raise the question and such question cannot be raised for the first time in this court. Rich v. Trustees, 158 Ill. 242; Merchants and Farmers State Bank v. Dawdy, 230 Ill. 199. The offense of unlawfully selling intoxicating liquor is separate and distinct from the offense of keeping a place where intoxicating liquor is unlawfully sold and the prosecution and conviction of a person for the commission of one of such offenses is no bar to the prosecution and conviction of the same person for the commission of the other of such offenses. In State v. Inness, 53 Me. 536, it was held that the conviction of a person for keeping a drinking or tippling house is no bar to his prosecution for being

a common seller of intoxicating liquor. The same principle is announced in Commonwealth v. Cutler, 9 Allen (Mass.) 486, and Commonwealth v. Bubser, 14 Gray (Mass.) 83. The first information to which plaintiff in error entered his plea of guilty charged him with the single offense of unlawfully selling intoxicating liquor and his conviction thereunder constituted no bar to his conviction of the offense of keeping a place where intoxicating liquor was unlawfully sold. For the limited purpose for which the first information and the plea of guilty thereto by plaintiff in error was offered in evidence under the ninth count of the information on trial, such evidence was competent as an admission by plaintiff in error tending to show that he was keeping a place where intoxicating liquor was unlawfully sold as charged in said count of the information. That such evidence was wholly disregarded by the jury as having any bearing upon the guilt of plaintiff in error of the offense of unlawfully selling intoxicating liquor is manifest from the fact that their verdict amounted to an acquittal of plaintiff in error of such offense as charged in the first eight counts of the information. The offer of plaintiff in error to make proof of the circumstances under which he entered his plea of guilty to the first information was properly rejected. The judgment of conviction following his plea of guilty to said information was conclusive against plaintiff in error of his guilt of the offense therein charged.

It is next urged that the trial court erred in permitting the introduction in evidence of the United States Internal Revenue special tax stamp which was issued to plaintiff in error and posted by him in his place of business, because the admission of the same operated to change the established rules of evidence in criminal cases. The contention of plaintiff in error in this regard is fully refuted in People v. McBride, 234 Ill. 146.

The first instruction given at the instance of the prosecution informed the jury "that the words 'in-

toxicating liquor' shall include all distilled, spirituous, vinous, fermented and malt liquor.'' This instruction is in the precise language of the statute and was not improperly given. Danley v. Hibbard, 222 Ill. 88; Reisch v. People, 229 Ill. 574; Mertens v. Southern Coal Co., 235 Ill. 540. The objection to the third instruction given at the request of the prosecution is also disposed of upon the authority of the cases last cited. It was admitted by plaintiff in error that he gave a bottle of whisky in his place of business to one Scribner for medicinal purposes. Whether this act was a shift or device to evade the provisions of the statute was a question of fact for the jury.

The record discloses that Bourland and Runyan, two of the witnesses who testified on behalf of the prosecution, had been employed by the chief of police of the city of Decatur and a local law and order organization to secure evidence of the alleged violation of the local option provisions of the Dramshop Act. The seventh instruction given at the instance of the prosecution informed the jury that they had no right to disregard the testimony of any witness simply because such witness may have been employed to procure evidence of the unlawful selling of intoxicating liquor, but that they should consider the evidence of such witness and weigh the same by the same rules that they did the evidence of any other witness or witnesses in the case. There is nothing in the record which suggests that the persons employed to procure the evidence mentioned instigated the commission of the offense of which plaintiff in error was charged within the rule laid down in Love v. The People, 160 Ill. 501, as is insisted by the plaintiff in error, but the relation of such persons to the transactions in question was similar to that of the witness in City of Evanston v. Myers, 172 Ill. 266, where it was held, that one who sells intoxicating liquor in violation of the city ordinance is liable to punishment although the city furnish the money and employ the purchaser as a detective, to

discover violators of the ordinance, where no fraud or deceit was used in the purchase or any inducement offered other than a willingness to buy. It is not within the province of the court to instruct the jury that they should look upon the evidence of such persons with suspicion and that such testimony should be received by them with great caution. DeLong v. Giles, 11 Ill. App. 33. The weight to be given to the testimony of such witnesses is purely a question for the jury and the test to be applied in determining the credit to be given to the testimony of such witnesses is the same as that applicable to the testimony of other witnesses in a case, viz: motive, relationship, interest, employment, apparent fairness or unfairness, partiality or impartiality, manner of testifying, apparent intelligence or lack of intelligence, the reasonableness or unreasonableness of the testimony, together with all the surrounding circumstances appearing in evidence. Applying this rule, the instruction is not subject to the criticism made. The instruction, however, singles out the testimony of the two witnesses named and in this respect it is erroneous (People v. Campbell, 234 Ill. 391), but excluding their testimony the other evidence in the case so conclusively establishes the guilt of plaintiff in error that the instruction could not have operated to his prejudice.

The eighth instruction given at the request of the prosecution is not wholly free from criticism, but for the reasons stated we must hold that the giving of the same did not constitute reversible error. If the case was close upon the facts the giving of the instructions indicated would require a reversal of the judgment. What we have heretofore said practically disposes of the other questions raised by counsel relating to the action of the court in refusing to give certain instructions on behalf of plaintiff in error.

There is no error in the record which could have operated to the substantial prejudice of plaintiff in error and the judgment of the County Court will be affirmed. *Affirmed.*