## Rachel E. Johnson, Appellee, v. Charles Bush et al., Appellants.

### Gen. No. 5301.

1. DRAM-SHOPS—*what establishes injury to means of support.* In an action by a mother for injury to her means of support by the loss of her son, a recovery will be sustained if the evidence tended to show that, notwithstanding at the time she was living with her husband, she suffered in her means of support by the loss of her son.

2. DRAM-SHOPS—*who liable under section 9.* The owner of the premises upon which the dram-shop is kept is liable for an injury resulting under section 9 if such owner knew that such premises were used for the purpose of selling intoxicating liquors.

3. DRAM-SHOPS—*when instruction in action under section 9 proper.* In such an action an instruction in the language of the statute is proper.

4. DRAM-SHOPS—*when instruction as to exemplary damages not erroneous.* In an action under section 9 of the Dram-Shop Act an instruction is proper which tells the jury that if they find actual damages they may likewise award exemplary damages.

5. INSTRUCTIONS—*when · upon exemplary damages will not reverse.* Even though an instruction upon this subject may be erroneous it will not reverse if the jury in the form of verdict submitted to them were required to specify what exemplary damages, if any, were awarded, and did not specify that they had awarded any such damages.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Peoria county; the Hon. L. D. PUTER-BAUGH, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910. Rehearing denied April 13, 1910.

JOHN J. SWENIE and QUINN & QUINN, for appellants; SHELDON F. McGRATH, of counsel.

GEORGE A. SHURTLEFF and BLACK & POTTS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Rachel E. Johnson brought this suit in the Circuit Court of Peoria county against Charles Bush and Emma Bush and others, to recover damages for injury to her means of support caused by the death of her minor son, Albert Johnson, who was killed by a railroad train while under the influnce of liquor sold him by Charles Bush. The cause was tried on an amended declaration which charged that Albert Johnson, a minor, earned $25 per week at coal mining; and by means thereof maintained the plaintiff and her minor children, and that on October 3, 1907, Charles Bush sold and gave him intoxicating liquors on premises owned by Charles Bush and Emma Bush, and occupied by Charles Bush, thereby causing his intoxication; and that Emma Bush knew that intoxicating liquors were sold thereon; and that by reason of such intoxication, Albert Johnson became unable to apprehend physical danger, and went upon the track of the Toledo, Peoria & Western Railroad and was killed by a train, whereby plaintiff was injured in her means of support. A plea of not guilty was interposed, and on a trial plaintiff obtained a verdict and judgment for $800, and Charles Bush and Emma Bush appeal.

The proof clearly supported the averments of the declaration except as to the amount of the earnings of deceased. In that particular the proof was that he worked a part of the time in the mine, where he received from $3 to $4 per day, part of the time outside in the timber where he received $1.75 per day, and some of the time on a boat, where he received $1.50 per day. Therefore the judgment should not be disturbed unless it is clear that the jury were misled by some error of the court in ruling on the law.

Appellants' main contention is, that the loss of wages resulting from the death of appellee's son, who was about eighteen years of age, was not an injury to appellee's means of support within the meaning of the statute, as she was living with her husband and he was entitled to the wages of the minor son, and he was the

proper plaintiff; and that such instructions as authorized the jury to take into consideration the likelihood that the deceased would have contributed to the support of appellee in the future, were improper.

The proof shows that the husband, who was also a coal miner, was in the habit of getting drunk from three to four times a week, and that for two years he had not furnished appellee any money for her support; that she had received some of his wages and some of the wages of the deceased in the form of orders from the store of the company, for which they both worked; and that deceased contributed to the support of the appellee and her family by giving her from eight to ten dollars every two weeks when he worked. As the wages appellee received from deceased constituted a part of her means of support, she, by his death, suffered an injury thereto, and as means of support relate to the future as well as the present, she was therein injured, not only at the time of his death but in time to come, as one of the sources of her future support was thereby cut off and her means of future support were thereby diminished. McMahon v. Sankey, 133 Ill. 636. This class of cases is governed by section 9 of the Dram-Shop Act which, so far as applicable, is as follows: "Every * * * parent * * * who shall be injured in * * * means of support * * * in consequence of the intoxication * * * of any person * * * shall have a right of action in his or her name * * * against any person or persons who shall by selling * * * intoxicating liquors have caused the intoxication in whole or in part, of such person." Ellsworth v. Cummins, 134 Ill. App. 397. Regardless of the proposition that the father was the proper plaintiff and could have recovered had he brought the suit, we hold that appellee had a right to recover, and think that the sum awarded is not excessive.

It is contended that, under the evidence, Emma Bush is not liable. The proof shows that at the time

the liquor was sold deceased, Charles Bush and Emma Bush were joint owners of the premises, and that she knew that the premises were used by Charles Bush for the purpose of selling intoxicating liquors, and such ownership and knowledge made her liable. Sec. 9 Dram-Shop Act; Helmuth v. Bell, 49 Ill. App. 626.

Complaint is made that the court erred in giving appellee's first instruction. It was in the language of section 9 of the Dram-Shop Act upon which appellee's case is based. In Reisch v. The People, 229 Ill. 574, the Supreme Court said: "We are not aware that it has ever been held that it is error to lay down the law in the words of the law itself, but the reverse of this proposition has often been declared." The instruction condemned by the court in Baker & Reddick v. Summers, 201 Ill. 52, was unlike the instruction here. That instruction after reciting the statute, told the jury the defendants would be liable, "for all damages sustained, and in this case, not exceeding $5,000," and was held vicious because of the addition of the words quoted above. Reisch v. The People, *supra*.

The second instruction for appellee does not, as assumed, say, as a matter of law, that the mother was the proper plaintiff, but it does say that if she were injured in her means of support by the death of her son caused by said intoxication, then she is entitled to recover. This we regard as correct.

Appellant complains that appellee's fourth instruction was erroneous in directing a verdict for appellee, if she sustained damages to her means of support, as averred in the declaration, as the declaration did not state how her means of support was taken away. This contention is without merit as the declaration avers that she was injured in her means of support by the death of her son who was killed by a train while under the influence of liquor sold or given him by Charles Bush upon premises owned by Charles Bush and Emma Bush, Emma Bush knowing that Charles

Bush was engaged in selling intoxicating liquor upon said premises.

The court instructed the jury that if they believed from the evidence under the instructions of the court that appellee had sustained actual damages as charged in the declaration, and if they believed from the circumstances in evidence in the case that appellee ought to recover exemplary damages, they might, if they saw fit, in addition to such actual damages as they believed, from all the circumstances in evidence, appellee should recover, give such further sum as exemplary damages as they believed from all the circumstances in evidence appellee should recover. As the proof shows that appellee sustained actual damages, we see no reason why exemplary damages could not be recovered, nor why the instructions relating to exemplary damages are not substantially correct. Moreover, the jury were given a form of verdict asked by appellee as follows:

" 'We, the jury, find the defendant guilty and assess the plaintiff's damages at ...... dollars,' filling the blank," and two forms of verdict requested by appellants, as follows:

"If you find the defendants guilty, and in your verdict allow her vindictive or exemplary damages, the form of your verdict may be:

'We, the jury, find the defendants guilty, and fix the plaintiff's damages at ...... dollars; of this amount we fix her actual damages at ...... dollars.'

"If you find for the defendants, the form of your verdict may be:

'We, the jury, find the defendants 'not guilty.' '"

The jury used the first form of verdict, and not the second, thereby indicating that they did not find exemplary damages. Thus it is immaterial whether they were or were not correctly instructed on that subject.

We have examined the modifications of appellants' instructions complained of and find no harmful error therein.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*