### William T. Haywood, Defendant in Error, v. Dering Coal Company, Plaintiff in Error.

1. INSTRUCTIONS—*when improper omission cured by special finding.* If an instruction improperly eliminates an issue from the cause the error is harmless if such issue has by special finding been found by the jury against the complaining party.

2. DAMAGES—*what proper in action for personal injuries.* In an action for personal injuries under the Mines and Miners Act, *held,* that it was not error to authorize the jury in estimating damages to consider the suffering of the plaintiff in body and mind if any resulted from such injury.

3. VERDICTS—*effect as to size where several juries have concurred.* The Appellate Court will be slow to interfere with a ver-

dict after several verdicts have been rendered and approved by the trial judge of substantially the same size.

Action in case for personal injuries. Error to the Circuit Court of Montgomery county; the Hon. A. M. Rose, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

Lane & Cooper and Amos Miller, for plaintiff in error.

Hill & Bullington and Hogan & Wallace, for defendant in error.

Mr. Presiding Justice Puterbaugh delivered the opinion of the court.

This case is before this court for a second time. A former judgment against the defendant for $2,500 was reversed upon the former appeal, and the case remanded for errors in the rulings of the trial court upon the instructions and because the damages were excessive. The opinion, which is reported in 145 Ill. App. 506, sufficiently discloses the state of the pleadings and the general facts involved. Upon a second trial, under the same pleadings, a verdict for $3,000 was returned, upon which judgment was entered. The defendant again appeals.

Upon the controverted issues as to whether or not the mine examiner examined the mine before the injury, and whether the wall of the entry was marked in compliance with the statute, the evidence was substantially the same as upon the former trial. We again hold that the jury were justified in finding that the place where the plaintiff was injured was not his working place, and that the mine operator had wilfully failed to comply with the provisions of the statute in the particular alleged in the declaration. This will dispose of the first ground for reversal argued.

The second contention is that the special finding of the jury that the defendant was in possession of and

operating the mine at the time the plaintiff was injured, was not sustained by the greater weight of the evidence. The evidence relating thereto is practically the same as on the former trial, except that such as was held on the former appeal to be improper was eliminated, and is exceedingly close and conflicting. We have again considered and weighed the same, and, without rehearsing or discussing it in detail, are of the opinion that the special finding cannot be said to be clearly against the weight of the evidence.

The court did not err in admitting plaintiff's exhibits "B" and "D." They were competent so far as they related to Mine 24.

The second and fourth instructions given for the plaintiff are peremptory in form, and told the jury, in substance, that if they found from the evidence that the plaintiff had proved the averments of his declaration, or any count thereof, they should find in his favor. It is contended that the effect of the instructions was to eliminate the defense that the plaintiff was injured in his working place, which he was required by the statute to keep or make safe himself, and the further defense that the defendant was not the owner, operator or in possession of the mine. The fact that the jury returned a special finding that the plaintiff was not injured while in his working place renders the omission of the first element harmless. Proof by the plaintiff of his case as laid in his declaration must necessarily have included the allegation therein contained that the defendant was operating the mine. The giving of the instruction was not prejudicial.

The plaintiff's third instruction merely states the language of divisions "a" and "b" of section 18 of the Miners Act. It is claimed by the defendant that it is misleading in that it fails to direct the attention of the jury to division "b" of section 16, which makes it the duty of the miner to properly prop and secure his own working place. This objection, too, is ob-

viated by the special finding in question. The plaintiff's sixth instruction authorized the jury in estimating damages, to consider the suffering of the plaintiff in body and mind, if any resulted from such injury. The objection thereto is not well taken. Traction Co. v. Schritter, 222 Ill. 364. Complaint is made of several other of the instructions given for plaintiff, but we find no prejudicial error therein.

On the former appeal, we held that the verdict of $2,500 was excessive compensation for the plaintiff's injuries. We are still inclined to such view, although the present record is slightly more favorable to the plaintiff upon the question of the permanency of the injury, than the former. In view of the fact, however, that two juries have returned verdicts, one for that and another for a larger sum, both of which have been approved by the judges presiding at the respective trials, we are not satisfied that the present verdict is so grossly excessive as to warrant a reversal of the judgment.

The judgment of the Circuit Court is affirmed.

*Affirmed.*