# GEORGE W. WHITAKER

## v.

# DANIEL WHEELER.

1. EVIDENCE—*record of another suit.* It is a fatal error to allow the plaintiff to introduce in evidence, against the objection of the defendant, the record of a suit to which the defendant was not a party.

2. SAME—*declarations.* In an action of trover against a sheriff to recover damages for selling the property of the plaintiff under an attachment against another person, the declarations of the defendant in the attachment, while in the apparent possession of the property, as explanatory of his possession, and in disparagement of any claim in himself, are admissible in evidence in behalf of the plaintiff; and he may also prove the fact, that while in possession of the property he claimed it as his own.

3. MEASURE OF DAMAGES—*where goods are wrongfully levied upon.* If the goods of one person are wrongfully levied on under an attachment against another, the statute does not contemplate that the rightful owner is to be permitted to recover only such a sum in damages as his property may have brought under a forced sale.

4. IDENTITY—*of commissioners to take depositions.* Where depositions were taken by William Rifenburg, under a commission addressed to William Roffenburg, and cross interrogatories were duly propounded and answered, and no objection was taken except to the variance in the spelling of the name, the court might well presume that the commission was executed by the proper person.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

In July, 1865, George W. Whitaker, then sheriff of Lawrence county, levied an attachment on one hundred and sixteen head of cattle, and some other stock and personal property. The attachment was in favor of Mark Sunthimer, and against Charles Wheeler and Robert Potter. At the time of the levy, Daniel Wheeler claimed to own all the property, and was then herding the stock, and was in possession of the other property as the owner. On the 24th of that month, Daniel Wheeler gave a notice in writing, and demanded a trial of the right of property; the jury found the property to be owned by Daniel Wheeler. Whitaker, claiming to act under section 23 of the attachment law, sold the property as perishable.

1867.]     WHITAKER v. WHEELER.     441

Brief for the Appellee.     Opinion of the Court.

At the September Term, 1865, of the Lawrence Circuit Court, Daniel Wheeler brought an action of trover against Whitaker, alleging the unlawful taking of the property levied upon, and the conversion thereof to his own use. The defendant pleaded the general issue. The venue was changed to Marion county. On the trial, the plaintiff was permitted to offer in evidence to the jury the record of the proceedings had on the trial of the right of property. The jury found a verdict for the plaintiff for $3,000, and the court rendered judgment accordingly. To reverse that judgment this appeal is prosecuted.

Messrs. BOWMAN & O'MELVENY, and WILLARD & GOODNOW, for the appellant.

Messrs. DENNY, STOKER & SMITH, for the appellee.

1. The measure of damages in trover against the sheriff for wrongful levy of attachment, is the value of the property at the time of the levy. Hilliard on Torts, 139.

2. A verdict will not be set aside when the evidence is conflicting, even though it may be against the weight of evidence. *Morgan* v. *Ryerson*, 20 Ill. 343; *Martin* v. *Ehrenfels*, 24 id. 189; *Pulliam* v. *Ogle*, 27 id. 184.

3. Where substantial justice has been done, a judgment will not be disturbed. *Higgins* v. *Lee*, 16 Ill. 495; *Schwarz* v. *Schwarz*, 26 id. 81.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of trover, brought by Daniel Wheeler against Whitaker, to recover the value of certain cattle and other personal property levied on by Whitaker, as sheriff, under a writ of attachment issued against one Charles Wheeler. Prior to the trial of this case, there had been a trial of the right of property, and a verdict found for the plaintiff. The plaintiff offered the record of that suit in evidence in this case, and it was admitted against the objection of the defendant. Its admission was error, since the sheriff was not a party to

that proceeding, in any sense that would make it evidence against him, and as it would be apt to have some weight upon the minds of the jury, the error is one for which we must reverse the judgment.

It is also assigned for error, that certain depositions taken under a commission addressed to one William Roffenburg, as special commissioner, and executed by one William Rifenburg, were admitted in evidence. The cross-interrogatories were duly propounded and answered, and no objection is taken, except to the variance in the spelling of the name. We think the court might well presume that the commission was executed by the proper person.

Objections were also taken to the admission in evidence of the declarations of Charles Wheeler, as to the ownership of the cattle. But they were made while he was in apparent possession, before the levy, as explanatory of his possession, and in disparagment of any claim in himself. They were, therefore, admissible. The fact that Daniel, while in possession, claimed the cattle as his own, was also admissible.

It also appears that the sheriff sold the property as perishable property, under the 23d section of the attachment law, and it is claimed that the plaintiff can only recover the proceeds of such sale. It does not appear that there was a compliance with the requirements of the statute in making that sale; but even if there had been, the sale would have been immaterial. The statute does not contemplate, if the goods of one person are wrongfully levied on under an execution against another, that the rightful owner is to be permitted to recover only such sum in damages as his property may have brought under a forced sale. Such a sale would very seriously impair that protection which the law is intended to furnish to rights of property.

But for the error above named, the judgment must be reversed and the cause remanded.

*Judgment reversed.*