CHARLES BOLLNOW *et al.*

*v.*

MARY ROACH.

*Opinion filed June 23, 1904.*

1. EVIDENCE—*when record of former suit is not admissible to prove mental incapacity.* The record of a former suit, in which there was a verdict of a jury finding the complainant mentally incompetent to make the deed sought to be set aside, is not admissible in a subsequent suit by the defendant to the former suit against strangers to that proceeding to set aside a deed to them from the same grantor upon the same ground.

2. SAME—*when the admission of incompetent evidence will not reverse.* Admission of incompetent evidence which would have been fatal in a suit at law will not reverse in a chancery case, where the verdict of the jury was but advisory and the decree rendered upon a consideration of the whole evidence, and there is sufficient competent evidence in the record to sustain the decree.

3. EQUITY—*when grantee must be reimbursed on setting aside deed for mental incapacity of grantor.* Where the grantee in a deed given in consideration of future support has fully performed the agreement and the transaction is fair, the deed will not be set aside at the suit of an heir who stood by while the contract was being performed, except upon restitution to the grantee of his expenditures, even though the grantor was mentally incompetent.

4. SAME—*when equity may retain jurisdiction.* Equity having acquired jurisdiction of a proceeding to set aside a deed upon the ground of mental incapacity of the deceased grantor may adjust the equities of the parties without requiring the grantee to present his claim in the county court, where the latter is entitled to reimbursement as a condition to the setting aside of the deed.

APPEAL from the Circuit Court of Kane county; the Hon. H. B. WILLIS, Judge, presiding.

HARVEY A. JONES, for appellants.

ROBERT S. EGAN, and ERNEST C. LUTHER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 6, 1899, the appellee, Mary Roach, one of the daughters and heirs-at-law of Dennis O'Sullivan, filed in the circuit court of Kane county her bill against B. Stroble and the appellants, Charles Bollnow and Anna L. Bollnow, his wife, asking the court to set aside two deeds executed by said Dennis O'Sullivan and Mary O'Sullivan, his wife, one conveying forty acres of land to said Stroble and the other conveying forty acres to appellants. The grounds alleged for asking such relief were the mental incapacity of Dennis O'Sullivan and undue influence of the grantees. The defendants answered, denying mental incapacity and undue influence, and on April 1, 1902, the complainant dismissed her bill as to Stroble and obtained leave to amend the bill. At the September term, 1902, she filed a bill against appellants alone, making the same averments of mental incapacity and undue influence, and praying the court to set aside

the deed to them. They answered, making the same de-
nials as before, and an issue was made up and submitted
to a jury whether Dennis O'Sullivan was mentally com-
petent to execute said deed, to which question the jury
returned the answer "No." The court entered a decree
setting aside the deed, and referred the cause to a mas-
ter in chancery to take an account of the rents, issues
and profits of the premises and report the same to the
court. From that decree this appeal was taken.

The facts proved are substantially as follows: Dennis
O'Sullivan was the owner of eighty acres of land in Kane
county. He was an old man and mentally and physically
feeble. He and his wife, Mary O'Sullivan, lived with
their daughter, Mary Roach, the complainant, and on
January 6, 1891, made a deed to her of said land for the
expressed consideration of one dollar, and on the further
consideration that the grantors were to have the use of
the premises during the lifetime of Dennis O'Sullivan,
and after his death the grantee was to have them, sub-
ject to the payment of $100 per annum to his widow,
Mary O'Sullivan, during her natural life. On May 3,
1892, Dennis O'Sullivan filed his bill in the circuit court
of DeKalb county to set aside said deed, and obtained
an injunction against Mary Roach, the complainant in
this suit, to prevent her from conveying or encumbering
the land. That bill was dismissed, and he filed a bill in
the circuit court of Kane county on December 24, 1892,
against said Mary Roach and her husband, alleging men-
tal incapacity to make the deed, fraud and undue influ-
ence of the grantee and want of delivery. Mary Roach
and her husband answered the bill, and issues were
formed and submitted to a jury whether Dennis O'Sulli-
van was mentally competent to make the deed, whether
it was obtained by fraud or undue influence and whether
it was delivered. The jury found against Mary Roach
on each of said issues, and a decree was entered setting
aside the conveyance. At the time of that litigation, in

1893, Dennis O'Sullivan and his wife went to live with
their other daughter, Anna L. Bollnow, one of the de-
fendants in this suit, and on February 25, 1895, they made
the deed of forty acres involved in this suit to the said
Anna L. Bollnow and Charles Bollnow, her husband,
in consideration of one dollar, and upon condition that
the grantees should furnish to the grantors during their
natural lives, and to the survivor of them during his or
her natural life, a suitable home and support upon said
premises, care for them in sickness and in health, and
furnish them proper medical aid during their several
lives and a decent burial at their respective deaths.
Dennis O'Sullivan was about eighty years old and his
wife was also old, and both were feeble. They lived with
the defendants and were cared for by them on the prem-
ises from the date of the deed until April 3, 1898, when
Dennis O'Sullivan died. The house on the premises was
burned on December 3, 1897, and the defendants re-built
it. Mary O'Sullivan continued to live with the defend-
ants and was supported and cared for by them until
her death, on February 3, 1902. Both were given proper
burial at their respective deaths, and the agreement was
fully performed according to its terms by the defend-
ants. The forty acres was partly stump land and need-
ing draining, which would be expensive, and the land
was not very valuable. The deed to the defendants was
made a matter of public record on March 21, 1895, soon
after its execution. The defendants were living on the
premises for years after, performing their part of the
contract, and no step was taken by the complainant or
any other person to have a conservator appointed or to
question the validity of the conveyance. There was no
evidence tending to prove fraud or undue influence on
the part of the defendants. The parties were members
of the same family, so that there was opportunity for
the exercise of influence, but the contract was not unrea-
sonable in its nature or of such a character as to raise

an inference of fraud or of any intention of the defendants to take advantage of Dennis O'Sullivan. The contract was not unfair in its terms, and was such a one as a person mentally competent would have been likely to make.

The court, against the objection of the defendants, admitted in evidence on the part of the complainant the record in the suit against her and her husband by Dennis O'Sullivan to set aside the deed of 1891, in which there was a verdict finding that Dennis O'Sullivan was mentally incompetent to execute said deed. That record was admitted to prove the mental incapacity of Dennis O'Sullivan, and the ruling was erroneous. It was not an inquisition by public authorities on behalf of the public, where it has been said that no one is wholly a stranger to the proceedings, and where the record is admissible in evidence although not conclusive against persons who are not actual parties. The former suit was between the complainant and her parents, in which the defendants in this suit were not heard, had no right to make a defense, produce evidence, cross-examine witnesses or appeal from the decree. They were in the strictest sense strangers to the suit and could not be affected by the proceedings. The record was not evidence against them. (*Whitaker* v. *Wheeler*, 44 Ill. 440; 24 Am. & Eng. Ency. of Law,—2d ed.—190). In the trial of an issue at law such an error is regarded as fatal, but in this case the verdict of the jury was advisory, merely, and a decree was rendered upon a consideration of all the evidence. In such a case it will be presumed that the court considered only the competent evidence, and if that is sufficient to sustain the decree, the fact that incompetent evidence was admitted before the jury will not cause a reversal. *Dowie* v. *Driscoll*, 203 Ill. 480.

We think that the competent evidence sustains the finding of the court that the mind of Dennis O'Sullivan was so impaired by age and feebleness that he was men-

tally incapable to execute the conveyance and agree-
ment, and that by reason of his mental incapacity the
conveyance was voidable. He had not been adjudged in-
sane, and the deed and agreement were in full force until
proceedings should be taken to set them aside and have
them declared void, and under the evidence we think the
deed should not be set aside without allowing to defend-
ants what was expended in the performance of the con-
tract on their part. There is no evidence that it was the
intention of the defendants to take advantage of the in-
firmity and feebleness of Dennis O'Sullivan or to defraud
him. The consideration cannot be said to be inadequate
or the agreement inequitable. The defendants did not
pay him money or give him property which was lost or
squandered, but only furnished to him and his wife neces-
sary support and maintenance for their comfort in their
old age and gave them proper burial. Although the evi-
dence shows that Dennis O'Sullivan was legally incapac-
itated from making a binding contract, the one made was
not unfair in its terms, and the consideration agreed upon
was actually paid in necessaries and necessary expenses
of the grantor and his wife. The complainant stood by
while the contract was being performed on the part of
the defendants, and to allow her to have the conveyance
set aside without making proper restitution would merely
be perpetrating fraud on the defendants. They would
not be allowed to take advantage of their own fraud or
wrong if any were shown, but none was proved. They
doubtless knew of the former suit in which the deed to
the complainant in this suit was set aside, but the bill
in that case alleged that Dennis O'Sullivan had fully
recovered his mental powers and capacity, and it was
prosecuted by him without the intervention of a next
friend, guardian *ad litem* or conservator. In *Ronan* v.
*Bluhm*, 173 Ill. 277, it was said "that a completed contract
of sale of lands by a grantor who is insane but has not
been judicially declared insane, for a fair consideration
210—24

in money or property, to a grantee who entered into the contract without fraudulent intent and without knowledge or notice of the disability of the grantor, will not be set aside in favor of the grantor or his representatives unless the purchase price be returned or the property parted with by the grantee be restored." The incapacity of Dennis O'Sullivan resulted merely from feebleness of old age, and whether he was mentally capable to enter into contracts and make a conveyance was a controverted question at the trial, so that it cannot be said that there could be but one conclusion on that subject.

Counsel do not seem to deny that defendants were entitled to compensation, but say that there is nothing in the decree which takes away their right to present their claim to the county court. Apparently the time for the allowance of claims against the estate of Dennis O'Sullivan has long since elapsed, and so far as appears there is no estate of Mary O'Sullivan from which to obtain satisfaction, if the time has not also elapsed in that estate. The circuit court acquired jurisdiction to adjudge the equities between the parties in setting aside the deed, and to send the defendants to the county court would be to deny to them payment for proper expenditures made in good faith in the performance of their agreement.

We are of the opinion that the account taken by the master should include all proper expenditures on the premises and compensation for what was done in performance of the agreement, and if there should be a balance in favor of the defendants, the deed should only be finally set aside upon making restitution of such balance.

The decree will be modified in that respect and the master will take the account accordingly. As so modified the decree is affirmed. Appellants will pay one-half the costs of the appeal and the appellee the remaining half.

*Modified and affirmed.*