## William L. Eaton, Appellee, v. Marion County Coal Company, Appellant.

1. MINES AND MINERS—*directing verdict*. In a suit to recover for injuries sustained in a mine, a directed verdict for the defendant on the ground that the plaintiff was not in his working place at the time he received his injury, is properly refused where the evidence shows that he was employed to sprag the wheels of coal cars, and that on being called on to catch the front end of a car, to hold it back, he attempted to do so (the wheels being solid, thus preventing spragging) and in the effort, followed it into a narrow place, where he was crushed.

2. MINES AND MINERS—*working place*. Where injury results because of the fact that a track is laid closer to one rib in a mine than another, no liability arises from such condition, where the party injured thereby was not in his working place.

3. MINES AND MINERS—*working place*. Whether a working place is dangerous, must be determined in view of the character of the work to be performed and the hazards of the employment.

4. MINES AND MINERS—*working places*. Where the working place in which to sprag cars in a mine is from two and a half to three feet wide, narrowing down to twelve inches at one end, the court will not hold as a matter of law, that it was not a dangerous place in which to work.

5. NEGLIGENCE—*proximate cause*. The general test as to whether negligence is the proximate cause of an injury, is whether it is such that a person of ordinary intelligence could have foreseen that an accident was liable to be produced thereby.

6. MINES AND MINERS—*proximate cause*. Where an employe in a mine is engaged in spragging cars in a space from two and one-half to three feet wide, which narrows down to about twelve inches at one end, the court cannot say as a matter of law, that the small space was not the proximate cause of an injury sustained by being crushed in the narrow end thereof, where the evidence shows that the driver ordered him to "catch the front end," but having mis-

understood, he attempted to sprag the front wheels, which were solid, and that then realizing what the order was, he was jammed in the narrow end in an effort to carry out such order.

7. APPEALS AND ERRORS—*harmless error.* The admission of immaterial evidence is harmless error, where it is not prejudicial.

8. INSTRUCTIONS—*setting forth entire section of statute.* Setting forth the entire section of a statute in an instruction even though the evidence shows a violation of but some of its provisions is not improper.

9. MINES AND MINERS—*instructions.* An instruction that where an operator of a mine wilfully disregards a duty enjoined upon him by law, and places in danger the lives of his employes, he cannot defend on the ground of contributory negligence, is not improper as assuming that the defendant disregarded the law.

10. INSTRUCTIONS—*abstract proposition of law.* An instruction stating an abstract proposition of law based on the evidence in the case is not erroneous.

11. INSTRUCTIONS—*mines and miners.* Where suit is brought by an employe of a mine to recover for injuries sustained while attempting to sprag a car, an instruction to the effect that there could be no recovery, if the jury believed from the evidence that there was sufficient clear space to sprag cars in safety, although it was narrow and dangerous at one end, is properly excluded, as it omits the element of safety under all the circumstances surrounding the plaintiff at the time of the injury.

Action in case for personal injuries. Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed April 12, 1912. Rehearing denied June 12, 1912.

W. F. BUNDY and NOLEMAN & SMITH, for appellant; DENISON & SPILLER, of counsel.

LOGAN B. SKIPPER, CHARLES F. DEW and CHARLES H. HOLT, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellee recovered a judgment for eleven hundred dollars damages alleged to have resulted to him through the wilful failure of appellant to comply with the provisions of the statute in relation to Mines and Miners.

There were several counts in the declaration averring divers breaches of duty required by the statute, and among these it was alleged that appellee was employed in the coal mine of appellant as an assistant driver in an entry called the main west; that in the entry there was an incline of such nature that it was necessary to sprag the wheels of coal cars in order to control the cars, and properly perform the work; that it became the duty of appellant not to permit said entry to become obstructed narrow and dangerous, and through its mine examiner to inspect it, and observe whether there were unsafe or dangerous conditions, and mark them as notice to keep out and report his findings to the mine manager, and not to permit appellee to enter there to work except under the direction of the mine manager until the dangerous conditions were made safe. It was further averred that the entry was suffered to become narrow and dangerous, and that appellant wilfully failed to mark the same, and wilfully permitted appellee to enter the said entry to work not under the direction of the mine manager, and that while appellee was so engaged as assistant driver and while he was endeavoring to sprag the wheels of a car, by reason of such dangerous conditions and obstructions he came in contact with the obstructions in said entry, by means whereof he was unable to get around the side of the car by reason of the narrow and obstructed condition of the entry, and the car ran over him and he was crushed and injured.

There was evidence showing or tending to show that the main west entry in appellant's mine extended from the bottom of the shaft in a westerly direction. At some distance, from the bottom turning off the main west towards the north was an entry called the fifth north. The usual track of ties and rails used in mines to run coal cars over, extended along the west main, and when it reached the fifth north another track switched from it into the fifth north. Both en-

tries were about twelve feet wide. The tracks were three feet wide and the cars extended over the tracks six or eight inches. We have not been furnished with a map or plat of the tracks and ribs showing distances where these entries connect, but we gather from the testimony that as the track comes out of fifth north it is about two and a half feet from the west wall and about five feet from the east wall of that entry. The track then curves east in the main west and connects there with the track in that entry. The main track in the main west is two or three feet from the rib on the south side. The opposite side was wider, was called the gob side, and gob was piled up between the rib and the track five or six feet high, leaving no room to sprag on that side. Coming out of the fifth north entry into and along the main west towards the east was a down grade where it was necessary to sprag loaded cars to hold them back off the mules. This was done by inserting sticks between the spokes of the wheels. Some of the cars had what are called one or more solid wheels that could not be spragged. Appellee was assisting one Osborne in spragging cars coming out of the fifth north. Osborne being the driver. Appellee was in the main west entry at the junction of the fifth north at the switch point waiting for Osborne to come out with a load. Appellee's duty there was to assist the driver in spragging the car and he was in a place called the spragging place. As testified by the mine examiner, this place was a space on the south or right side of the car as it came out from fifth north on a curve onto the main west entry track and between the car and the rib the space was about two and a half or three feet wide and ten feet long. At the east end of the space it narrows to twelve or fourteen inches between the track and the rib or six or eight inches between the car and the rib. As Osborne came out with a loaded car he had spragged the two hind wheels before reaching appellee. He had attempted to sprag the front wheel but found it was

solid. Finding no further spragging could be done he called to appellee to catch the front end of the car to hold it back. Appellee misunderstood him and attempted to sprag the front wheel, the car moving down the grade but finding it solid he attempted to catch the front end of the car and in the effort, he followed it into the narrow place, where he was squeezed and rolled between the rib and the car and seriously injured.

The court refused at the close of the evidence to direct a verdict for defendant.

It is contended this action of the court was error. It is urged that the place where appellee was injured was not his working place. Appellee says that he was told to sprag at that place, and that was his place to stand. Appellant's mine examiner says that coming out of the fifth north entry there was a spragging place on the left side two and a half feet wide and about thirty feet long and a space on the right hand (or south) side about ten feet long and three feet wide. The evidence shows the place on the left was obstructed by gob piled up on the side from the track, and the evidence fairly shows the space occupied by appellee was a spragging place and as it was his duty to sprag, it was his working place.

It is further urged there is no law prohibiting laying tracks closer to one rib than another in a mine, and that doing so does not constitute a dangerous condition. This is true as a general rule, and as held in Cook v. Big Muddy Min. Co., 249 Ill. 41, no liability would arise from such condition where the party injured thereby was not in his working place. We think the principles announced there are not applicable to the facts here. As the evidence here shows appellee was in his working place.

It is also contended there was ample room to sprag a car there wherefore the place was not dangerous, and there could be no violation of the statute by appellant in failing to mark the place or permitting

appellee to enter not under the direction of the mine manager, and in this connection it is further said a failure to observe and obey the order of the driver was the proximate cause of appellee's injury.

We have already set forth in detail the evidence describing the place and the circumstances under which appellee was injured, and we are of opinion the court should not hold as a matter of law that a space so small as that provided for spragging cars coming down that incline was not a dangerous place for that work. Whether a place is dangerous must be determined in view of the character of the work to be performed and the hazards of the employment, (Pressed Steel Car Co. v. Herath, 110 Ill. App. 601) and such question is peculiarly for the jury.

When appellee was standing in the space with the stick in his hand ready to sprag the car, the driver twenty feet away and who had tried to sprag the front wheel, and found it solid, called to him to "catch the front end," appellee misunderstood the order and as the car came by he attempted to sprag the front wheel. Finding it solid he says he realized at once that the driver had told him to ride the front end. This he immediately attempted to do and before he could get around the front end he was jammed between the car and the rib at the end of the spragging place. In City of Joliet v. Shufeldt, 144 Ill. 403, the general doctrine was announced in discussing the question of proximate cause, that it was not a defense to an action for injuries occurring by reason of the negligent act of the defendant, that the negligence of a third person, or an inevitable accident, or an inanimate thing contributed to cause the injury to the plaintiff if the negligence of the defendant was an efficient cause and without which the injury would not have occurred.

"The general test as to whether negligence is the proximate cause of an accident is therefore said to be whether it is such that a person of ordinary intelligence should have foreseen that an accident was

liable to be produced thereby. Proximate cause is therefore probable cause and remote cause is improbable cause." (Thompson on Negligence, Vol. 1, Sec. 50.) Tested by these rules and applying them to the size of the space for spragging and the work to be performed there, and the manner of its performance, the court could not say the small space provided for the work was not the proximate cause of appellee's injury and the question was for the jury.

There was no error in refusing to direct a verdict for appellant.

It is complained that the court overruled an objection of appellant to the testimony of a witness that the gob on the gob side of the track extended from the switch in main west entry around as far as twenty feet into the fifth north. The condition of the fifth north in that particular was immaterial but we cannot see that the testimony was prejudicial. The same may be said of admitting evidence that car bolts had worn into the props on the side of the entry.

Complaint is made of the ruling of the court on instructions. Instruction No. 3 given for appellee contains the entire section of the statute which has many more provisions than the one upon which this judgment rests. It is said it tends to divert the minds of the jury from the issue. The practice of setting forth the whole of the section even though the evidence shows a violation of but some of its provisions has been held not improper. (Mertens v. Southern Coal Co., 235 Ill. 540.)

The fifth instruction given for appellee told the jury that where the operator wilfully disregards a duty enjoined upon him by law and places in danger the lives and limbs of those employed therein he cannot defend on the ground of the contributory negligence of the employe. We think there was no assumption in the instruction that appellant disregarded the law. The instruction states an abstract proposition

of law based on evidence in the case and was not erroneous.

Appellant's refused instruction No. 1 was as follows:

"You are further instructed that if you believe from the evidence there was sufficient clear space on the main west entry after a car came out of fifth north entry for a car to be spragged by the plaintiff in safety, then although you may believe from the evidence that at a point further east on said main west entry there was not sufficient space between the rail and the south rib of the entry for the plaintiff, or the drivers to sprag a car, or pass between the cars or the rib yet this would not of itself constitute such a dangerous condition as to require the mine examiner to make a chalk mark there at said point and keep the plaintiff and all other drivers from passing said point until such condition was removed."

This instruction in effect directed a verdict as there could be no liability in the case, if appellant did not owe the duties specified in the instruction. In such case the instruction must not ignore material elements in the case. This instruction says appellant would not owe these duties if there was a sufficient clear space in the entry for a car to be spragged by the plaintiff in safety. This ignores all the circumstances surrounding appellee at the time. It might be perfectly safe if the car was standing or moving slowly or with no solid wheels to mislead in an effort to sprag them, but under other circumstances such as are shown in evidence here there might not be sufficient space to sprag safely. The instruction should have contained the element of safety under all the circumstances surrounding appellee at the time. Metropolitan El. R. R. v. Skola, 183 Ill. 454; Chicago City Ry. v. Schmidt, 217 Ill. 396; Chicago Sub. Water Co. v. Hyslop, 227 Ill. 308.

Instructions Nos. 2 and 3 refused for appellant as we view them are both based upon the contributory negligence of appellee.

Refused instruction No. 4 was substantially given in No. 5 given for appellant, besides we think they were not applicable to the issues involved. Refused instruction No. 6 was properly refused for the reason that there was no evidence in the case tending to show any liability on account of gob, on the north side of the main west entry. All the evidence showed or tended to show a liability for a dangerous place to sprag cars at the spragging place on the south side. We think the instruction was not based on any evidence.

The damages are not so large as to require a reversal.

We have given this case a careful consideration and conclude there was no error of the trial court warranting a reversal, and that the verdict and judgment was supported by the evidence.

The judgment will be affirmed.

*Affirmed.*