## Margaret Watson, Appellee, v. Louis Kammeier et al., Appellants.

1.  JUDGMENT, § 463*—*when party is not bound by result of proceedings.*  In order to be bound by the result of proceedings, a party must have been directly interested in the subject-matter thereof, with the right to make defense, to introduce testimony, to cross-examine the witnesses on the opposite side, to control in some degree the proceedings, and to have the right to appeal from the judgment, and a person not having these rights is a stranger to the cause.

2.  INTOXICATING LIQUORS, § 207*—*when evidence of prosecution of intoxicated person killing intestate is inadmissible in action for death under Dramshop Act.*  In an action under the Dramshop Act for the death of plaintiff's intestate, who was killed by a third person, alleged to have been intoxicated, where the defendant claimed that such third person was not at the time of the homicide intoxicated but insane, evidence of the criminal prosecution against such third person for the murder of another person at the time of the killing of plaintiff's intestate wherein the defense of insanity was interposed, such prosecution resulting in a judgment of conviction and a sentence to the penitentiary for life, *held* inadmissible.

3.  INTOXICATING LIQUORS, § 249*—*when instruction in action for damages under Dramshop Act in language of statute is not erroneous.*  An instruction in an action under the Dramshop Act for damages in the language of section 9 of that Act (J. & A. ¶ 4609), and purporting to be the law governing the right of recovery for violations of the act, while not the best practice, was not error.

4.  INTOXICATING LIQUORS, § 249*—*when instruction in action for damages under Dramshop Act against saloon keeper and owner of building is not misleading.*  An instruction in an action for damages under the Dramshop Act, where one of the defendants was not a dramshop keeper but was owner of the building occupied by a dramshop of another defendant, is erroneous which does not refer only to the defendants who were dramshop keepers in connection with the question of sales, but such error is not of a serious character and it could not have misled the jury.

5.  INTOXICATING LIQUORS—*when peremptory instruction is properly denied in action under Dramshop Act for death of intestate by third person.*  In an action under the Dramshop Act for the killing of plaintiff's intestate by a third person alleged by plain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff to have been intoxicated, where the defense was that the homicide was caused by the insanity of such third person and not by the sale of intoxicants to him, a peremptory instruction for the defendants *held* properly denied.

6. INTOXICATING LIQUORS, § 202*—*when declaration in action under Dramshop Act for death of intestate by intoxicated third person is sufficient after verdict.* In an action under the Dramshop Act, where the declaration charged that defendants sold intoxicating liquors to a certain person which caused his intoxication, and that while so intoxicated he shot and killed plaintiff's husband, *held* that such declaration should state that the killing was in consequence of the intoxication rather than as charged, but the point not having been raised by demurrer, the declaration is sufficient after verdict to support a judgment against the defendants.

Appeal from the Circuit Court of Marion county; the Hon. WIL-LIAM B. WRIGHT, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916.

W. H. NELMS, F. P. DRENNAN, NOLEMAN & SMITH and JOHN BUNDY, for appellants.

JONAS & HALEY and CHARLES H. HOLT, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action on the case was brought by appellee under the provisions of section 9 of the Dramshop Act (J. & A. ¶ 4609) against appellant and certain other defendants in the Circuit Court of Marion county, charging that appellee had been injured in her means of support by reason of the sale of intoxicating liquors by appellant and others to one Charles Woods, which caused his intoxication, and who on the 13th day of August, 1914, while so intoxicated shot and killed the husband of appellee. A trial was had resulting in a verdict against appellants in favor of appellee for $2,750. A motion for a new trial was made by appellants, which on hearing was denied. Judgment was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

rendered on said verdict, from which judgment appellants prosecute this appeal.

The record discloses that while certain other parties were made defendants to said proceeding, all of said defendants, except appellants, were dismissed from said proceeding on the motion of appellee prior to the hearing before the jury.

The amended declaration filed in said cause alleged, in substance, that appellant, Louis E. Kammeier, Edward W. Mathias, August Gansauer, John Enrico and William Collinsworth, and each of them, did, on August 13, 1914, sell and give intoxicating liquor to one Charles Woods, and thereby caused the intoxication of said Charles Woods, and that said Charles Woods, being so intoxicated, on said 13th day of August, 1914, shot and mortally wounded Thomas Watson, the husband of appellee, and that from the effect of said gunshot wound, he then and there, on the day last aforesaid, died.

It is further alleged that by reason of the death of said Thomas Watson, appellee has been injured in her means of support, etc. A plea of the general issue was filed to said declaration.

The evidence discloses that appellant and certain other dramshop keepers had sold or given the said Charles Woods liquors a short time prior to the shooting and killing by him of appellee's husband, Thomas Watson. The said Thomas Watson was a man aged about fifty-one years and was at the time of the shooting the village marshal of Central City, which position he had held for some time.

The evidence further is that he had been called to the scene of the killing, in the line of his duty as such officer, to quell a disturbance claimed by appellee to have been caused by the said Charles Woods. The shooting occurred at about eleven o'clock on the evening of the said 13th day of August, 1914. The evi-

dence is further to the effect that the said Charles
Woods had procured from a butcher shop in the imme-
diate vicinity a rifle with which he shot and killed not
only the husband of appellee, but also a man by the
name of Douglas Duncan, a deputy, who was at the
time assisting appellee's intestate in his attempt to
quiet said disturbance. The principal grounds as-
signed by appellants for a reversal of this cause are
that the court erred in admitting in evidence the rec-
ord of certain proceedings had in the case of the
*People of the State of Illinois v. Charles Woods,* who
had been tried for the murder of said Douglas Dun-
can; in giving on behalf of appellee instructions num-
bers one and three; and in the refusal to give the per-
emptory instruction requested by appellants at the
close of appellee's evidence and at the close of all
the evidence.

On the trial of said cause, appellants contended that
the killing of appellee's husband by the said Charles
Woods was not the result of intoxication caused in
whole or in part by liquors sold or given to Woods by
them, but was the result of insanity on the part of
Woods at said time. Over the objection of appellee,
the court permitted appellants to offer in evidence the
record of the County Court of said county, dated
March 12, 1913, showing the said Charles Woods to
have been adjudged insane on that day and committing
him to the insane asylum at Anna, Illinois. Woods re-
mained in said hospital for some three or four months
and was then discharged, but the record does not show
whether he was discharged as cured or not. On rebut-
tal, appellee was allowed by the court, over the objec-
tion of appellants, to give in evidence the testimony of
certain witnesses to the effect that one of the defenses
made on the trial in the case of the *People of the State
of Illinois v. Charles Woods,* charged with the murder
of Douglas Duncan, that the said Woods at said time

was insane.  Mr. E. B. Vandervort, a practicing lawyer at Salem, Illinois, testified that the defense of insanity was made in said cause; that in the opening statement to the jury and all the way through the trial the defense of insanity was insisted upon.  Following this testimony the court permitted appellee to offer in evidence the record of the judgment and proceedings of the *People of the State of Illinois v. Charles Woods,* charged with the murder of Douglas Duncan, which record among other things showed the return of the indictment and the final judgment, finding the defendant, Woods, guilty, and sentencing him to imprisonment in the penitentiary at Chester, Illinois, for the period of his natural life.  Appellants insist that the admission of this testimony constituted reversible error.

On the other hand, appellee insists that this evidence comes within the exception which allows verdicts and judgments on subjects of a public nature and judgments, when used by way of inducement or to establish a collateral fact, to be admitted though the parties are not the same.  We do not, however, believe that the record offered in this case comes within the exception.  One of the principal defenses urged by appellants to defeat the action brought by appellee is that the killing of appellee's husband by Charles Woods was the result of insanity and not the result of intoxication caused in whole or in part by liquors sold by them to him.

It has been uniformly held as the law in this State that a party litigant shall not be affected by the result of proceedings to which he was a stranger.  In order to be bound by such proceeding he must have been directly interested in the subject-matter of the proceeding with the right to make defense, to introduce testimony, to cross-examine the witnesses on the opposite side, to control in some degree at least the proceedings and to have the right to appeal from the judgment.  Persons not having these rights are re-

garded as strangers to the cause. *Corbley v. Wilson,*
71 Ill. 209; *Bollnow v. Roach,* 210 Ill. 364; *Whitaker v.
Wheeler,* 44 Ill. 440; *People v. Newbold,* 260 Ill. 196.

In *People v. Newbold, supra,* being an appeal from
a judgment of conviction on the charge that Newbold
was violating section 57 of chapter 38, Revised Stat-
utes (J. & A. ¶ 3591), by keeping a common ill-gov-
erned and disorderly house to the encouragement of
idleness, drinking and fornication, the court on a trial
in said cause permitted the People to offer in evidence
the record showing convictions of certain persons
charged with patronizing the house kept by Newbold
in violation of a city ordinance. The court, in pass-
ing on the rulings of the trial court, at page 198 says:
"The prosecutions under the ordinance were between
different parties from those in the prosecution under
the statute, and the records of the former were not
admissible in the latter for the purpose of proving the
character of the house or any other fact upon which
the convictions were founded. No man can be affected
by proceedings to which he is a stranger." Citing
*Corbley v. Wilson, supra; Whitaker v. Wheeler, su-
pra.* Again, at page 199 in said cause the court
further says: "The admission of these judgments
was seriously detrimental to the plaintiff in error, be-
cause from them it appeared that the court had in five
different cases adjudged that the hotel kept by the
plaintiff in error was a common, ill-governed and dis-
orderly house, kept for the encouragement of idleness
and fornication, and the jurors were not instructed
that they might not accept and act upon such finding
as conclusive." We are clearly of the opinion, in view
of the holding of the Supreme Court made in the case
cited, that the trial court erred in admitting the record
in the case of the *People v. Woods,* above referred to,
and the testimony of the witness Vandervort, in con-
nection therewith, and that by reason of the probable
effect of said evidence on the minds of the jury in this
case that this error of itself is sufficient to require a
reversal of this cause.

It is contended by appellants that the court erred in giving the first and third instructions given on behalf of appellee. The first instruction is in the language of section 9 of the Dramshop Act (J. & A. ¶ 4609) and purports to be the law governing the right of recovery for violations of said act, and while we are inclined to believe that the practice of giving instructions of this character is not the best and frequently has a tendency to mislead and confuse the jury rather than to enlighten them, still we would not be inclined to hold the giving of this instruction as error. In fact, both the Supreme and Appellate Courts have approved instructions of like character. *Johnson v. Bush,* 154 Ill. App. 494; *Reisch v. People,* 229 Ill. 574; *Eaton v. Marion County Coal Co.,* 173 Ill. App. 444.

The complaint made by appellants to the third instruction is that one of appellants is not a saloon keeper, but is the owner of the building occupied by one of the dramshop keepers; that the instruction was too general in its character and should have referred only to those of appellants who were dramshop keepers in connection with the question of sales. We think the point is well taken, but it is not of a serious character and could not have misled the jury to the hurt of any of appellants. It would be well, however, on the retrial of the cause to modify the instruction so as to make it comply with the facts.

It is next contended by appellants that the court erred in not peremptorily instructing the jury to find the defendants not guilty. Without going into a discussion of the evidence it is only necessary for us to say that in view of the record in this case we do not think the court erred in refusing said instructions, and that there was sufficient evidence in the record to warrant its submission to the jury.

Lastly, it is contended by appellants that the declaration is not sufficient to support the judgment. This

contention is based on the failure of the declaration to allege that the killing of appellee's husband by the said Charles Woods was in consequence of intoxication caused in whole or in part by liquors sold by these appellants. The charge in the declaration being that appellants sold to the said Charles Woods intoxicating liquors, which said liquors caused the said Charles Woods to be and become intoxicated, and that while intoxicated he shot and killed appellee's husband. We hold that the declaration should state that the killing was in consequence of the intoxication, rather than as charged in the declaration, but were this the only error in the record we would be inclined to hold that after verdict, the point not having been raised by demurrer, the declaration would be sufficient to support the judgment.

For the reasons above set forth the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*