## The People of the State of Illinois for use of Winifred O'Farrell, Appellant, v. H. W. Johnson et al., Appellees.

1. PLEADING, § 220*—*when court does not have authority to render judgment on merits after sustaining special demurrer to declaration.* Where a special demurrer to the declaration is sustained but plaintiffs neither abide by their declaration nor amend, the court has no authority to subsequently hear evidence and find the issues for the defendants and render judgment on such finding.

2. PLEADING, § 225*—*what is effect of plaintiffs' failure to file amended declaration in accordance with rule after special demurrer is sustained.* Where a special demurrer to the declaration is sustained, plaintiffs should be ruled to file an amended declaration by a day certain and, upon their failure to do so, the suit may be dismissed.

3. PLEADING, § 223*—*what is proper form of judgment where plaintiffs abide by declaration after special demurrer has been sustained.* Where plaintiffs abide by their declaration, a special demurrer to which has been sustained, the proper form of judgment is that they take nothing by their suit and that defendants go hence without day, etc.

4. SHERIFFS AND CONSTABLES, § 95*—*when declaration in action on sheriff's bond is not subject to demurrer.* The fact that one of the counts in the declaration in an action on a sheriff's bond for a wrongful levy on certain personal property alleges certain damages which are not recoverable under the law with others which are recoverable does not make such count subject to demurrer, since on the trial only such damages would be permitted to be recovered as were authorized by law.

5. LIMITATION OF ACTIONS, § 108*—*how defense can be raised.* The defense of the statute of limitations in an action at law cannot be raised by demurrer but only by plea.

Appeal from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1919. Reversed and remanded with directions. Opinion filed October 21, 1919.

GEORGE D. CHAFEE, for appellant.

R. C. NEFF, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is an action of debt brought to recover damages upon a bond executed by H. W. Johnson, sheriff of Christian county, and several of his sureties, appellees. The declaration consists of three counts and is based upon the wrongful levy by Johnson, as sheriff, upon certain personal property of Winifred O'Farrell. Appellees filed a special demurrer to these counts. The first cause set out in the demurrer has not been argued and is therefore not before us for consideration, probably, for the reason that it is entirely without merit. The second and fourth causes are the same and to the effect that the damages sought to be recovered in the second count are not within the written obligation. The third cause is to the effect that the declaration shows on its face that the cause of action is barred by the statute of limitations and there are no averments which will take it out of the operation of the statute.

On September 20, 1918, the record shows that the demurrer to the declaration was sustained. On October 21, 1918, the following appears in the record: "This day come the parties to this cause by their respective attorneys, and the Court having heard the evidence produced herein, the arguments of counsel, and being well and sufficiently advised in the premises, finds the issues for the defendants and against the plaintiff.

"Therefore it is ordered by the Court that a judgment be, and the same is hereby rendered against the plaintiff in favor of the defendants for the amount of the costs in this behalf expended herein, and that they have execution therefor."

The record nowhere shows that appellants abided by their declaration after the demurrer thereto had been sustained. The court had no authority to hear evidence in a suit where there was no declaration and

find the issues for the defendants and render judg-ment on such finding after a demurrer had been sus-tained to the declaration. Appellants should have been ruled to file an amended declaration by a day certain and, upon their failure to do so, the suit could have been dismissed for failure to comply with the rule. If appellants had abided by their declaration, then the proper form of judgment would have been that they take nothing by their suit and that defend-ants go hence without day, etc.

The demurrer, however, should have been over-ruled. The fact that the second count may have al-leged certain damages which are not recoverable under the law with others which were recoverable would not make that count subject to demurrer, as on the trial only such damages would be permitted to be recovered as were authorized by law. As to the statute of lim-itations, that defense in an action at law cannot be raised by demurrer, but only by plea. This is an ele-mentary rule of common-law pleading and has been applied even when it appears on the face of the dec-laration that the limitation has expired. *Gunton v. Hughes,* 181 Ill. 132; *Heimberger v. Elliot Frog & Switch Co.,* 245 Ill. 448.

The judgment of the Circuit Court is reversed and the cause remanded with directions to overrule the demurrer to the declaration.

*Reversed and remanded with directions.*