**The People of the State of Illinois for use of Winifred O'Farrell, Appellant, v. H. W. Johnson et al., Appellees.**

1. FORMER ADJUDICATION—*judgment res judicata only as to parties or privies.* A judgment of the Appellate Court in attachment suit upholding on interplea the claim of a third person to the property levied on in such attachment and awarding it to such claimant is not *res adjudicata* as to the sheriff who made the illegal levy, in an action by such claimant against such sheriff on his official bond after his failure to return the property to such claimant, and such judgment does not estop the sheriff from pleading the statute of limitations in such action.

2. LIMITATIONS OF ACTIONS—*pendency of third party claim to attached property as tolling statute.* The statute of limitations against an action on the sheriff's official bond for his refusal to turn over property illegally seized by him on writ of attachment

to the rightful owner after her right thereto has been adjudged commences to run on the date of the illegal levy and is not tolled by the pendency of litigation on interplea in the attachment suit to determine the ownership and right of property levied on.

Appeal from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed July 10, 1922.

GEORGE D. CHAFEE and LESLIE TAYLOR, for appellant.

R. C. NEFF, for appellees.

MR. JUSTICE HEARD delivered the opinion of the court.

This is an action of debt brought April 8, 1918, upon the official bond of appellee Johnson as sheriff of Christian county. The original declaration consisted of two counts. An additional count was thereafter filed. All the counts of the declaration are based upon an alleged illegal levy, made January 15, 1908, by Johnson, as sheriff, of a writ of attachment issued against the property of Edwin F. O'Farrell, upon the goods and chattels of appellant Winifred O'Farrell, for whose use the suit is brought and who is hereinafter called the plaintiff. A demurrer was sustained to the declaration and plaintiff standing by her demurrer the suit was dismissed and judgment entered against her for costs, from which judgment plaintiff appealed to this court and the cause was remanded with directions to overrule the demurrer. *People v. Johnson*, 215 Ill. App. 580.

After the case was redocketed in the circuit court, appellee filed a plea of the statute of limitations. Thereupon plaintiff filed at various times replications to which demurrers were sustained. The first of these replications set up the issuance of a writ of attachment January 15, 1908, in favor of Malinda Vicerage against Edwin F. O'Farrell, delivery of the same to the sheriff, the illegal seizure of the property of Winifred O'Far-

rell, the interplea of Winifred O'Farrell in the city court of Pana, April 6, 1908, of the property in question, the trial and appeal of said cause to the Appellate Court of the Third District of Illinois and the final decision of said case October 16, 1913, wherein said property was awarded to plaintiff, Winifred O'Farrell, averring defendant's neglect and refusal to return the said property as his bond required him to do and that the statute of limitations was suspended as to said property during the pendency of said trial in the city and Appellate Courts.

The final replication filed averred that Johnson had notice of said interplea and the proceedings thereunder in the city court of Pana, and in the Appellate Court of the Third District of Illinois, and that he was privy to all said proceedings averring the decisions of the said Appellate Court awarding said property to said plaintiff and that the sheriff, notwithstanding said order of said court, failed and refused to return said property and still held and retained the same and that the decision of the Appellate Court is *res judicata,* and that said Johnson is estopped by his wrongful action in failing to return the said property, according to the order of the Appellate Court, and that he ought not to be admitted to plead the plea by him pleaded, concluding with verification. The other replications raised no different questions. Demurrers were sustained to all the replications. Plaintiff stood by her replications and judgment was rendered in bar of the action, from which judgment plaintiff has appealed to this court.

Only two questions are raised by the pleadings upon this appeal, the first being whether or not the decision of the Appellate Court upon the trial of the right of property is *res adjudicata* in this case. In *Whitaker v. Wheeler,* 44 Ill. 440, it is said: "This was an action of trover, brought by Daniel Wheeler against Whitaker, to recover the value of certain cattle and other personal property levied on by Whitaker, as sheriff, under

a writ of attachment issued against one Charles Wheeler. Prior to the trial of this case there had been a trial of the right of property and a verdict found for plaintiff. The plaintiff offered the record of that suit in evidence in this case, and it was admitted against the objection of the defendant. Its admission was error, since the sheriff was not a party to that proceeding in any sense that would make it evidence against him."

We are of the opinion that the demurrer as to the replication attempting to set up *res adjudicata* was properly sustained.

The other contention of plaintiff is that while the right of property levied upon was in litigation, the statute of limitations did not commence to run. The rule of law sought to be applied has no application to this case. This is not a suit on a forthcoming bond or suit by a defendant in attachment upon an attachment bond, but is a suit upon the sheriff's official bond. If plaintiff had a cause of action against him it accrued to her January 15, 1908, and the statute of limitations began to run against her on that date. The rule is that when the statute begins to run it will continue to run until it becomes a bar, unless there is some saving or qualification in the statute itself. *United States Fidelity & Guaranty Co. v. Dickason,* 277 Ill. 77. In the present case, the matters relied upon to toll the statute do not arise out of any saving or qualification in the statute and the demurrers were properly sustained,

The judgment is affirmed.

*Affirmed.*